# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| M. DIANE KOKEN, acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN PATRIOT INSURANCE AGENCY, INC., a Wisconsin corporation, and LYSA JO SARAN, an individual, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) No. 05 C 1049 ) ) Judge Nan R. Nolan ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania ("Liquidator"),[1] is the Statutory Liquidator for two insolvent Pennsylvania insurance companies: Legion Insurance Company ("Legion") and Villanova Insurance Company ("Villanova"). In this lawsuit, the Liquidator seeks to recover more than $4 million in premiums and commissions allegedly due to the insurance companies pursuant to a Limited Agency Agreement between Legion and Defendant American Patriot Insurance Agency, Inc. ("Patriot"). The Liquidator alleges that Defendant Lysa Jo Saran is also liable in her capacity as President of Patriot. Defendants deny that they owe any money to the Liquidator and have asserted several affirmative defenses to liability, including that Legion and its related companies perpetrated a fraud upon Patriot and its owner/shareholders, Diane and Kenneth Hendricks.

The alleged fraud relates to a so-called "Rent-a-Captive" workers' compensation insurance program marketed to Patriot by Mutual Risk Management, Ltd. ("Mutual Risk"), Commonwealth Risk

---

[1] It appears that Randolph L. Rohrbaugh is newly serving as Acting Insurance Commissioner for the Commonwealth of Pennsylvania, and is now the proper Plaintiff/Liquidator in this case.

Services, L.P. ("Commonwealth Risk"), Legion, Villanova, and Mutual Indemnity (Bermuda), Ltd. ("MIB"). Under this "Roofers' Advantage Program" (the "Program"), Legion acted as an insurance company issuing workers' compensation policies to roofing contractors on Patriot's behalf. *See Koken v. American Patriot Ins. Agency, Inc.*, No. 05 C 1049, 2006 WL 1749689, at *1 (N.D. Ill. June 20, 2006). The parties disagree as to the liability distribution under the Program, which led to Defendants' fraud affirmative defense. *Id.* at *2.

Eric Bossard, Legion's former Vice President, and James Agnew, former Vice President of Commonwealth Risk, submitted affidavits stating that in February 2000, they took part in several discussions relating to Patriot and Mrs. Hendricks's apparent confusion as to the extent of Patriot's liability under the Program. Specifically, Bossard and Agnew participated in meetings and conversations with Glenn Partridge, Legion's Executive Vice President; Richard Turner, President of Commonwealth Risk; David Alexander, President of MIB; and Andrew Walsh, Legion's general counsel, during which Walsh purportedly (1) confirmed that Legion was responsible for the losses in question, but (2) assisted the men in inducing Patriot to pay an additional $1 million to cap its perceived, though non-existent liability. *Id.*

During the depositions of Andrew Walsh and Richard Turner, Defendants' counsel attempted to inquire into this fraud issue, but counsel for the Liquidator objected to questions about the Bossard and Agnew affidavits on the basis of attorney-client privilege. Based on these objections, the parties agreed to postpone the deposition of Glenn Partridge pending resolution of the privilege claim. *Id.* at *3. Defendants then filed a motion to overrule the Liquidator's claim of privilege pursuant to the crime/fraud exception, which the court denied without prejudice on May 9, 2006. The court explained that the motion was premature pending the district court's determination as to the parties' liability, and that discovery on the issue should be bifurcated. The court invited the parties to meet and confer regarding the proper scope of deposition questions for Mr. Walsh, Mr. Turner, and Mr. Partridge, and the possibility of settlement. (Minute Order of 5/9/06,

Doc. 77.) The district court affirmed that decision on December 4, 2006. *Koken v. American Patriot Ins. Agency, Inc.*, No. 05 C 1049, 2006 WL 3497318 (N.D. Ill. Dec. 4, 2006).

In the meantime, on October 21, 2006, the Liquidator filed a motion for summary judgment on seven of Defendants' affirmative defenses, including the fraud defenses discussed above. That motion is fully briefed and pending before the district court. Defendants have since filed a motion to compel the deposition of Glenn Partridge, arguing that his conversations with Mr. Walsh are not privileged or confidential, and that any conversations he had outside the presence of Mr. Walsh are certainly discoverable.

## DISCUSSION

### A. Attorney-Client Privilege

Defendants ask the court to overrule the Liquidator's claim of attorney-client privilege as to any conversations Mr. Partridge had with Mr. Walsh, arguing that (1) the Liquidator has not established that all communications that occurred in Mr. Walsh's presence were made to secure legal advice; and (2) some conversations occurred in the presence of third parties, which defeats the privilege. The court agrees that conversations involving Mr. Walsh are not *per se* privileged. *See Midwestern Univ. v. HBO & Co.*, No. 96 C 2826, 1999 WL 32928, at *2 (N.D. Ill. Jan. 4, 1999) ("When a lawyer gives legal advice to the client it does not automatically trigger the attorney-client privilege. Rather, statements which would reveal the substance of the confidential communication are protected.")

At the same time, Defendants have not yet deposed Mr. Partridge and, thus, have not given the Liquidator an opportunity to assert specific privilege objections to particular questions. Only then will the court be in a position to determine whether the privilege applies. *See Johnson v. Rauland-Borg Corp.*, 961 F. Supp. 208, 210 n.5 (N.D. Ill. 1997) ("[C]ommunications from the attorney to the client should be privileged only if the statements do in fact reveal, directly or indirectly, the substance of a confidential communication by the client.") (internal quotations

3

omitted); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1995 WL 663684, at *6 (N.D. Ill. Nov. 6, 1995) (quoting *Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 314526, at *4 (N.D. Ill. May 19, 1995)) ("Disclosures from a client to an attorney, are likewise only entitled to limited protection, as the privilege '. . . protects only those disclosures -- necessary to obtain informed legal advice -- which might not have been made absent the privilege.'") Defendants' motion to categorically overrule any assertion of privilege at the deposition of Mr. Partridge is denied.

**B.     Conversations Without Mr. Walsh**

Defendants also argue that Mr. Partridge should be compelled to appear for his deposition regarding conversations that occurred outside of Mr. Walsh's presence. The Liquidator agrees that the attorney-client privilege does not apply to such conversations, as long as they do not otherwise reveal confidential attorney-client communications. *See In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 433 (N.D. Ill. 2006) (citing *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000)) ("The question is whether the communications rest on confidential information obtained from the client, or would reveal the substance of a confidential communication by the client.") The only question, then, is whether it is appropriate for the parties to proceed with Mr. Partridge's deposition now.

**C.     Timing of the Deposition**

As noted, the district court has not yet issued a decision regarding the Liquidator's motion for summary judgment. In that motion, the Liquidator seeks dismissal of, among other things, Defendants' fraud affirmative defenses. The court understands that Mr. Partridge's testimony is only relevant to these defenses, and will be unnecessary in the event they are dismissed. (Pl. Resp., at 2 ("If the motion is granted, the deposition of Mr. Partridge would not be relevant.").) In addition, counsel for Mr. Partridge objects that it would impose an unfair burden to require him to appear multiple times for partial depositions. (Witness Position, at 3.)

The court agrees that it would be more efficient to postpone the deposition of Mr. Partridge, a non-party to this case, until after the district court has ruled on the Liquidator's motion for summary judgment on Defendants' affirmative defenses. *See, e.g., National Ben Franklin Ins. Co. of Illinois v. Calumet Testing Servs., Inc.*, 191 F.3d 456 (7th Cir. 1999) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986)) (noting that the federal rules "are designed 'to secure the just, speedy, and inexpensive determination of every action.'") In the event the motion is denied, Defendants will be free to depose Mr. Partridge, and the Liquidator will remain free to assert the attorney-client privilege as appropriate.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to compel the deposition of Glenn Partridge [Doc. 223] is denied.

ENTER:

Dated: March 23, 2007

_Nan R. Nolan_
_____
NAN R. NOLAN
United States Magistrate Judge